

```
     FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 APR 19  A 10: 07

  LORETTA G. WHYTE
        CLERK
```

MINUTE ENTRY
CHASEZ, M.J.
APRIL 18, 2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENDRICK LEE REDDICK                CIVIL ACTION

VERSUS                              NUMBER: 00-314

DEPUTY RICKY RECO, ET AL.           SECTION: "S"(5)


A preliminary conference was conducted in the above matter this date.

PRESENT:  Kendrick Lee Reddick, pro se

Mary Ann Hand for defendants

Plaintiff complains of an event which occurred on December 30, 1999 during his incarceration in the St. Bernard Parish jail. At that time, plaintiff was a resident on tier A-2 when guards chose to do a shakedown to look for contraband items.

Plaintiff states that deputies told him that they wanted to perform a body cavity search, ordering him to remove his clothing.

DATE OF ENTRY
APR 1 9 2000



Plaintiff refused. According to plaintiff, Deputy Miller then ordered Deputy Reco to mace him and Deputy Reco did so. Plaintiff does not know the type of mace utilized but stated that he was unable to breathe or see thereafter. Following this incident, plaintiff was placed on lockdown in his cell, where he had access to water to clean off the mace. He did not go to the jail doctor.

Thirty minutes later, the same deputies asked him if he was ready to cooperate and he allowed the body cavity search to go forward to prevent his being maced again. The body cavity search was performed on all inmates in the whole dorm. Plaintiff stated that no contraband was found when the search was performed upon him.

He has had no further problems with any of these deputies since this incident and has no residual physical problems from the use of the mace. When questioned by the court, plaintiff advised that deputies carry mace on their persons at all times.

Plaintiff identified Nicholas Bell as a witness to this incident.

Trial of this matter will go forward on August 21, 2000 at 10:00 a.m. before the undersigned. At that time, the Sheriff will

make Nicholas Bell available to give testimony. Further, the Sheriff will produce any and all documents indicating whether a shakedown occurred on or about December 30, 1999 and the reason therefore, including but not limited to log books and incident reports, jail policies and/or protocols concerning the use of mace in the prison, and the personnel files of Deputies Reco and Miller.

The Clerk is directed to forward a copy of this minute entry to the plaintiff, to the Warden of St. Bernard Parish Jail, and to counsel for the defense.

                                        ALMA L. CHASEZ
                        UNITED STATES MAGISTRATE JUDGE