

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENDRICK LEE REDDICK                              CIVIL ACTION

VERSUS                                            NUMBER: 00-314

DEPUTY RECO, <u>ET AL</u>.                       SECTION: "S"(5)

REPORT AND RECOMMENDATION

The above-captioned matter is a civil rights action brought pursuant to 42 U.S.C. §1983 by <u>pro se</u> plaintiff, Kendrick Lee Reddick, against defendants, Deputies Reco and Miller of the St. Bernard Parish Prison. Plaintiff, an inmate of the St. Bernard Parish Prison at the time that he filed his complaint, complained of an alleged excessive use of force by the defendants following a December 30, 1999 "shakedown" for contraband. (Rec. doc. 1). A preliminary conference was held in this matter on April 18, 2000, at which time trial was scheduled for August 21, 2000 at 10:00 a.m. (Rec. doc. 7).

On May 9, 2000, officials at the St. Bernard Parish Prison



notified the Court that plaintiff had been released from that facility. (Rec. doc. 10). Subsequently, on June 12, 2000, a copy of a court order that had been mailed to plaintiff at his address of record was returned as undeliverable. (Rec. doc. between 11 and 12). On August 7, 2000, defendants moved to continue the trial scheduled for August 21, 2000. (Rec. doc. 13). The Court elected to take that motion up immediately before the start of the scheduled trial and directed plaintiff to appear personally for the matter. (Rec. doc. 14). The Court having been provided with the street address plaintiff had furnished to prison officials during his incarceration, a copy of the minute entry scheduling the conference on defendants' motion to continue was mailed to plaintiff at that address. (Id.). A copy of that minute entry, too, was returned to the Court as undeliverable. (Rec. doc. following 14). Plaintiff failed to appear for the status conference/trial scheduled for August 21, 2000 as directed. He has never contacted the Court to provide a current, correct mailing address and the Court has received no communication from him regarding his inability to appear as ordered.

Local Rule 11.1E provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to apprise the court of any address change." Local Rule 41.3.1E further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." The Rule imposes an affirmative obligation on parties to keep the court apprised of their current mailing addresses and relieves court personnel of that burden. The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." Perkins v. King, 759 F.2d 19 (5th Cir. 1985)(table). Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order. Lopez v.

<u>Aransas County Independent School District</u>, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address and has failed to appear for a status conference/trial as ordered by the Court. The Court must therefore assume that plaintiff has no further interest in prosecuting this case. As plaintiff is proceeding <u>pro se</u> in this matter, these failures are attributable to him alone.

RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1E and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(en banc).

    New Orleans, Louisiana, this 25 day of August, 2000.

                                              _____
                                              UNITED STATES MAGISTRATE JUDGE